UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

MILLENNIUM PIPELINE COMPANY, L.L.C.,

                    *Plaintiff*,

-vs-

CERTAIN PERMANENT AND TEMPORARY EASEMENTS IN 632 EACHER HOLLOW ROAD, S.B.L. No. 46.00-3-6, TOWN OF BIG FLATS, COUNTY OF CHEMUNG, NEW YORK, Nancy L. Jacobson and John H. Jacobson, et al., and Unknown Owners,

                    *Defendants*

**ORDER GRANTING PRELIMINARY INJUNCTION FOR IMMEDIATE ENTRY**

Civil Action No.
07-CV-6559

Hon. David G. Larimer

---

Upon review of Plaintiff's Order To Show Cause, dated February 20, 2008, which relied upon and were supported by the papers filed in support of Plaintiff's notice of motion, dated December 27, 2007, and the papers on which it is based (Affidavit of Jerry Humphrey, dated December 27, 2007, and Declaration of Karla M. Corpus, dated December 27, 2007), together with proof of timely service thereof; Defendants Nancy L. Jacobson and John H. Jacobson's response Memorandum of Law in Opposition to Motion to Strike the Answer and Affirmative Defenses and for Taking Easements and Immediate Entry, dated January 10, 2008; and Plaintiff's reply Declaration of Karla M. Corpus, dated January 17, 2008; and

The Court having held oral argument on the same on March 3, 2008, at which Hiscock & Barclay, LLP (Mark D. Lansing and Karla M. Corpus, Esquires, of Counsel) appeared on behalf of Plaintiff Millennium Pipeline Company, L.L.C.; The Denton Law Office, PLLC (Christopher Denton, Esquire) on behalf of Defendants Nancy L. Jacobson

and John H. Jacobson; and there being no appearance or objections to the said motion by other defendants, it is hereby:

**ORDERED** that, so much of Plaintiff's Complaint, which seeks an easement in the real property owned by Nancy L. Jacobson and John H. Jacobson at 632 Eacher Hollow Road, S.B.L. No. 46.00-3-6, Town Of Big Flats, County Of Chemung, New York, depicted on Exhibit 2 to the Complaint (the "Property"), is with merit, that Millennium will suffer irreparable harm and has demonstrated all other factors pertinent to the Federal Rules of Civil Procedure Rule 65 for a request for preliminary injunction, and therefore, such relief is hereby granted in all respects, with the express recognition that the amount of just compensation to which Defendants are entitled for the easement finally granted hereby will be determined at the trial of this action pursuant to Rule 71.1 of the Federal Rules of Civil Procedure ("FRCP"), in the event the parties are unable to agree on such amount; and it is further

**ORDERED** that all Defendants, or any of their affiliates or subsidiaries, and those acting in concert and participation with them, be, and hereby are, enjoined from preventing or otherwise interfering with Plaintiff, or any of its officers, employees, agents or contractors, from entering upon the land designated for an easement at the Property for the purposes of accessing, constructing, testing and operating a natural gas pipeline on land adjacent to the Property; making improvements to the existing dirt road at the Property as required by Plaintiff to use it in connection with such pipeline construction, testing and operation; and in order to restore the Property following pipeline construction, testing and operation in the event Defendants Nancy L. Jacobson and John H. Jacobson want the Property to be restored; and it is further

**ORDERED** that Plaintiff's right to enter upon the easement at the Property as provided for herein is conditioned on the following events first occurring:

1. Plaintiff shall file a surety bond or equivalent security with the Clerk of this Court in the amount of $100,000, pursuant to FRCP 65(c), to secure Plaintiff's obligation to provide Defendants with just compensation for the easement being granted by this Order in such amount as will be determined at trial.

2. Plaintiff shall obtain commercial liability insurance in the amount of not less than $2,000,000 which names Nancy L. Jacobson and John H. Jacobson as additional insureds with respect to Plaintiff's operations and use of the easement being granted by this Court; and the insurance policy shall generally provide coverage for the discharge, release and/or escape of pollutants in connection with Plaintiff's operations. Plaintiff shall provide counsel for Defendants Nancy L. Jacobson and John H. Jacobson, with a certificate of insurance evidencing such insurance and a photocopy of the commercial liability insurance policy within 15 days of this Order; and Defendants Nancy L. Jacobson and John H. Jacobson, through their counsel, shall review the policy and certificate and raise any objections thereto within 10 days of receipt of the policy and certificate or within 10 days of this Order, whichever is later.

**ORDERED** that Defendants Nancy L. Jacobson and John H. Jacobson's affirmative defenses, as set forth in the filed Answer, are hereby stricken.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 8, 2008.